June 13, 1906.

————o————

No. 3953.

(Court of Appeal, Parish of Orleans.)

PETER JOHNSON vs. JOHN TURON.

1. Sections 5 and 6 of Act No. 80 of 1888 to the effect that a sale by the State of property forfeited to it for non-payment of taxes does

not cancel city and municipal taxes assessed against the property, one unaffected by the amendment of 1896, Act No. 126.

2. Property adjudicated to the State may be assessed for municipal taxation during the State's proprietorship.

3. A publication of a tax sale on the thirtieth day after the first day is legal where the sale is not fixed for that day, but for the next or thirty-first day.

Appeal from Civil District Court, Division "D."

Dinkelspiel Hart & Davey, for Plaintiff in rule, Appellant.

H. G. Dupre, for Defendant in rule, Appellee.

MOORE, J. This was a rule to cancel certain taxes levied by the City of New Orleans, and in the event of denial of such relief that then an injunction issue to restrain the City from selling the taxed property, because notice of such intended sale had not been legally advertised.

There was judgment discharging the rule and the plaintiff appeals.

The facts are that on the 9th day of April, 1904, plaintiff acquired from the State of Louisiana, through a deed made by the State Auditor under and by virtue of the provisions of Act. No. 80 of 1888, as amended by Act. No. 126 of 1896, certain lots of ground situated in the City of New Orleans.

These lots had been previously sold for taxes due the State for the year 1880, and subsequent years, and were bid in by the State at such sale on the 3rd Jany., 1885. Having been subsequently readvertised for sale under the provisions of Act No. 80 of 1880, and no one bidding therefor, they were finally sold under the Auditor's deed for an amount "equal to the face value of all the taxes that may be due," as authorized by the amenditory act of 1896 *supra*.

At the time of plaintiff's acquisition the property had been assessed, in the name of the former owner, by the City for taxes for the year 1903, and subsequent to this purchase the City sought to enforce collection of the tax for this year by advertising the property for sale.

Thereupon this rule was sued out against the City citing it to show cause. First, why the taxes should not be cancelled,

the ground urged being, "that it was competent for said property to be assessed for City taxes whilst owned by the State," and, secondly, why, if the said property may be thus assessed, an injunction should not issue restraining the City from selling the same "under the advertisement now running," forasmuch as thirty days have not been allowed in the advertisement between its first publication and the day of sale.

## I.

We have had occasion in Joseph Desposito vs. City of New Orleans No. 3207 of our docket (June 8th, 1893), and again in Aztec Land Co. Ltd. vs. City of New Orleans No. 3662 of our docket (Feby. 20th, 1905) to consider the proposition as to the right of the City to assess for municipal taxation, and during the State's proprietorship, property adjudicated to the State for taxes, and we held that this could be done, citing Powers vs. Recorder 45 An. 566, as authority therefor.

It is contended, however, that the decisions *supra* do not cover the precise question here present, forasmuch as the sales by the State, in the cases cited, were under the provisions of Section 2 of the Act of 1888 which declares that the property shall not be sold for "a less amount than the total amount for which the property was adjudicated to the State, together with twenty per centum thereon and all costs of enforcing this act," thus indicating that the intention was merely to recoup the State for the taxes due her, leaving intact the taxes due the City; whereas in the instant case the sale was made under the provisions of the amendatory act of 1896, under which sales are made for an amount "equal to the face value of *all* taxes that may be due," thus indicating that the price must cover not only the taxes due the State but also those due the City; that as the presumption of law is that the Auditor complied with the law and made the sale in the instant case for an amount equal to all the taxes due to the State, and all the taxes due to the City, the City taxes of 1903 were necessarily included in the purchase price and cannot be again collected of the purchaser, the present owner of the property, but that the City must look to the State for the propor-

448

tion of the amount of the sale due her. There is no force in this contention whatsoever.

Section 5 of the act of 1888, supra, provides "that all sales under this act shall vest in the purchaser an absolute and perfect title to the property conveyed in the deed of sale, without any claim thereto by any former owner, and free from any mortgages, liens, privileges or encumbrances whatsoever, *except all City and Municipal taxes;*" and Sec. 6 this act provides that the purchaser of property subject to all subséquent taxes, State, Parish and Municipal." These provisions, as we said in the Desposito case, supra, remain unaffected by the amendment of 1896, which merely refers to the amount for which the property may be sold for after the State has held it for more than three years.

## II.

The revenue act of 1898 under which the advertisement was made provides that the manner of advertisement in tax sales shall be that provided for judicial sales. The advertisement necessary in judicial sales is prescribed in Act 104 of 1877. R. S. Such advertisements shall be published once à week for thirty days. The admission in the record is to the effect that "the property in question was advertised by the City for sale for taxes of 1893, the sale to take place on Dec. 29th, 1905; that the first advertisement of sale was Nov. 28th, 1905; and the last advertisement of sale was Dec. 29th, 1905." Excluding, as we must, the first days advertisement and beginning the count from the next day—Nov. 29th—we find that thirty full days elapsed before the day of sales; the last and thirtieth day of advertisement being Dec. 28 the sale was for the 29th. A publication on the thirtieth day after the first day is legal where the sale is not fixed for that day, but the next or thirty-first day. As said in the Lindner case 113 La. Rep. 775.

"The last advertisement may be made on the day preceding the sale, but it should not be after the date set down for the sale."

See also McDonough vs. Gravier's creditors, 9 La. 544.

The judgment appealed from is not error and it is affirmed.